IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRI MORSE BACHOW**, Individually on Behalf of Herself and on Behalf of All Others Similarly Situated, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No.  09-cv-262-K |
| **SWANK ENERGY INCOME ADVISERS, LP, SWANK CAPITAL, LLC, JERRY V. SWANK, MARK W. FORDYCE, CPA, BRIAN R. BRUCE, RONALD P. TROUT**, and **EDWARD N. McMILLAN** | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendant. | §<br>§ | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Jerry V. Swank ("Swank") and Mark W. Fordyce ("Fordyce") (together, the "Defendants")[1] hereby file this Answer ("Answer") to the allegations of  Plaintiff Bachow's First Amended Class Action Complaint (the "Amended Complaint"), and respectfully state as follows:

### I.
### NATURE OF THE ACTION

Defendants answer the separately numbered paragraphs of the Amended Complaint as follows and, in doing so, refer to documents in the answers below only for the documents'

---

[1] The claims against Defendants Swank Energy Income Advisers, LP ("Swank Energy"), Swank Capital, LLC ("Swank Capital"), Brian R. Bruce ("Bruce"), Ronald P. Trout ("Trout"), and Edward N. McMillan ("McMillan") (collectively, the "Dismissed Defendants") were dismissed pursuant to this Court's Order dated January 6, 2010. *See* Memorandum Opinion and Order, Doc. No. 30.  Accordingly, this Answer only responds to the allegations in the Amended Complaint on behalf of Defendants Swank and Fordyce, not on behalf of the Dismissed Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 1**

contents and context, do not concede the truth of those documents, reserve all objections to the admissibility of such documents, and do not waive any rights with respect to those documents.

1. Deny the allegations of paragraph 1, including that a proper class is alleged. However, Defendants admit that Plaintiff purports to bring this action as a class action under the statute cited. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 1 of the Amended Complaint.

2. The claims in paragraph 2 were dismissed by the Court and therefore require no answer. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 2 of the Amended Complaint.

3. Deny the allegations of paragraph 3. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 3 of the Amended Complaint.

4. Deny the allegations of paragraph 4. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 4 of the Amended Complaint.

5. Deny the allegations of paragraph 5, except admit that a press release was issued on December 19, 2008 by the Cushing MLP Total Return Fund (the "Fund"). Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 5 of the Amended Complaint.

6. Deny the allegations of paragraph 6. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 6 of the Amended Complaint.

7. Admit that Plaintiff purports to bring a claim under Section 10(b) of the Securities Exchange Act, however, all other claims in paragraph 7 were dismissed by the Court

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 2**

and therefore require no answer. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 7 of the Amended Complaint.

8.      Admit the allegations of paragraph 8. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 8 of the Amended Complaint.

9.      Deny the allegations of paragraph 9. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 9 of the Amended Complaint.

10.     Admit that venue is proper in this district as alleged in paragraph 10, except deny the allegations related to alleged wrongdoing. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 10 of the Amended Complaint.

11.     Deny the allegations of paragraph 11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 11 of the Amended Complaint.

12.     Admit to the allegations in paragraph 12 relating to the Fund registration and admit that the Fund is not defendant, except deny that the funds were traded in an orderly and efficient market. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 12 of the Amended Complaint.

13.     Admit the allegations of paragraph 13, except deny that the Fund issued and sold approximately 1,740,000 shares. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 13 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 3**

14.    The claims related to Defendant Swank Advisors and the allegations in paragraph 14 were dismissed by the Court and therefore require no answer. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 14 of the Amended Complaint.

15.    The claims related to Defendant Swank Capital, LLC and the allegations in paragraph 15 were dismissed by the Court and therefore require no answer. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 15 of the Amended Complaint.

16.    Admit the allegations of paragraph 16, except deny that Swank directly or indirectly controlled or possessed the authority to control the activities of the Fund. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 16 of the Amended Complaint.

17.    Admit the allegations of paragraph 17, except deny that Defendant Fordyce is a Trustee of the Fund and deny that Defendant Fordyce directly or indirectly controlled or possessed the authority to control the activities of the Fund. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 17 of the Amended Complaint.

18.    The claims related to Defendant Brian R. Bruce and the allegations in paragraph 18 were dismissed by the Court and therefore require no answer. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 18 of the Amended Complaint.

19.    The claims related to Defendant Edward N. McMillan and the allegations in paragraph 19 were dismissed by the Court and therefore require no answer. Except as

specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 19 of the Amended Complaint.

20.    The claims related to Defendant Ronald P. Trout and the allegations in paragraph 20 were dismissed by the Court and therefore require no answer.    Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 20 of the Amended Complaint.

21.    To the extent that an answer is required, deny the characterization of mutual funds and the characterization of the Fund in paragraph 21.    Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 21 of the Amended Complaint.

22.    Admit the allegations of paragraph 22.    Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 22 of the Amended Complaint.

23.    Admit the allegations in paragraph 23.    Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 23 of the Amended Complaint.

24.    Admit the allegations in paragraph 24.    Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 24 of the Amended Complaint.

25.    To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 25 of the Amended Complaint.

26.     To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 26 of the Amended Complaint.

27.     To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 27 of the Amended Complaint.

28.     To the extent an answer is required, deny the allegations of paragraph 28. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 28 of the Amended Complaint.

29.     Deny the allegations of paragraph 29, except admit that the Fund is treated as a 'C' corporation for federal income tax purposes, is subject to various tax rates (although Defendants deny the tax rates noted in paragraph 29), and utilized FAS 109 when accounting for its deferred tax assets.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 29 of the Amended Complaint.

30.     Deny the allegations of paragraph 30.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 30 of the Amended Complaint.

31.     Admit that FAS 109 states that it "establishes financial accounting and reporting standards for the effects of income taxes that result from an enterprise's activities during the current and preceding years.  It requires an asset and liability approach for financial accounting and reporting for income taxes."  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 31 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 6**

32.    To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 32 of the Amended Complaint.

33.    To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 33 of the Amended Complaint.

34.    To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 34 of the Amended Complaint.

35.    To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 35 of the Amended Complaint.

36.    Deny the allegations of paragraph 36.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 36 of the Amended Complaint.

37.    Deny the allegations of paragraph 37.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 37 of the Amended Complaint.

38.     Deny the allegations of paragraph 38.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 38 of the Amended Complaint.

39.     Deny the allegations of paragraph 39, except admit the net operating loss figure of approximately $4,914,000 and capital loss figure of approximately $10,687,000.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 39 of the Amended Complaint.

40.     Deny the allegations of paragraph 40(a)-(e).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 40(a)-(e) of the Amended Complaint.

41.     Deny the allegations of paragraph 41(a)-(e).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 41(a)-(e) of the Amended Complaint.

42.     Deny the allegations of paragraph 42.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 42 of the Amended Complaint.

43.     Deny the allegations of paragraph 43, including deny the allegedly quoted statement, except admit the Fund issued a press release on December 19, 2008.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 43 of the Amended Complaint.

44.     Deny the allegations of paragraph 44, except admit the amount of the deferred tax asset as of the end of the Class Period.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 44 of the Amended Complaint.

45.    Deny the allegations of paragraph 45.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 45 of the Amended Complaint.

46.    Deny the allegations of paragraph 46.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 46 of the Amended Complaint.

47.    Deny the allegations of paragraph 47(a)-(e).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 47(a)-(e) of the Amended Complaint.

48.    Deny the allegations of paragraph 48.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 48 of the Amended Complaint.

49.    Deny the allegations of paragraph 49.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 49 of the Amended Complaint.

50.    Deny the allegations of paragraph 50.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 50 of the Amended Complaint.

51.    Deny the allegations of paragraph 51.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 51 of the Amended Complaint.

52.    Deny the allegations of paragraph 52.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 52 of the Amended Complaint.

53.     Deny the allegations of paragraph 53.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 53 of the Amended Complaint.

54.     Deny the allegations of paragraph 54, except admit to the noted amounts contained in the Statement of Assets & Liabilities, but note that the $4,055250 deferred tax asset does not take into account the deferred tax liability, which is stated in the Statement of Assets & Liabilities.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 54 of the Amended Complaint.

55.     Admit that the "Federal Income Taxation" section of the Certified Shareholder Report on Form N-CSR for the accounting period August 27, 2007 to November 30, 2007 states as alleged in paragraph 55, except deny that this is a full quotation of the notes regarding tax accounting issues.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 55 of the Amended Complaint.

56.     Admit the allegations of paragraph 56.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 56 of the Amended Complaint.

57.     Admit the allegations of paragraph 57.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 57 of the Amended Complaint.

58.     Deny the allegations of paragraph 58, except admit that the Fund's Certified Shareholder Report was certified and signed by Defendant Fordyce.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 58 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 10**

59.     Deny the allegations of paragraph 59, except admit that the Fund's Certified Shareholder Report was certified and signed by Defendant Swank and Defendant Fordyce. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 59 of the Amended Complaint.

60.     Deny the allegations of paragraph 60(a)-(b). Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 60(a)-(b) of the Amended Complaint.

61.     Deny the allegations of paragraph 61. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 61 of the Amended Complaint.

62.     Deny the allegations of paragraph 62, except admit to the $223,765,671 and the $164,678,596 figures contained in the Statement of Assets & Liabilities, but note that the $7,009,739 deferred tax asset does not take into account the deferred tax liability, which is stated in the Statement of Assets & Liabilities. Additionally, deny that the Statement of Assets & Liabilities lists total liabilities as $59,087,073. The Statement of Assets & Liabilities lists total liabilities as $59,087,075. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 62 of the Amended Complaint.

63.     Deny the allegations of paragraph 63, except admit the Fund's Semi-Annual Certified Shareholder Report was certified and signed by Defendant Swank and Defendant Fordyce. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 63 of the Amended Complaint.

64.     Deny the allegations of paragraph 64. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 64 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 11**

65.    Deny the allegations of paragraph 65(a)-(b).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 65(a)-(b) of the Amended Complaint.

66.    Admit the allegations of paragraph 66.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 66 of the Amended Complaint.

67.    Deny the allegations of paragraph 67.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 67 of the Amended Complaint.

68.    Deny the allegations of paragraph 68(a)-(f).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 68(a)-(f) of the Amended Complaint.

69.    Deny the allegations of paragraph 69.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 69 of the Amended Complaint.

70.    Deny the allegations of paragraph 70(a)-(d).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 70(a)-(d) of the Amended Complaint.

71.    Deny the allegations of paragraph 71.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 71 of the Amended Complaint.

72.    Admit the allegations of paragraph 72, except deny that the fact sheet was issued as of November 28, 2008.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 72 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 12**

73.     Deny the allegations of paragraph 73.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 73 of the Amended Complaint.

74.     Deny the allegations of paragraph 74.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 74 of the Amended Complaint.

75.     Deny the allegations of paragraph 75.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 75 of the Amended Complaint.

76.     Deny the allegations of paragraph 76.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 76 of the Amended Complaint.

77.     Deny the allegations of paragraph 77.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 77 of the Amended Complaint.

78.     Deny the allegations of paragraph 78.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 78 of the Amended Complaint.

79.     Deny the allegations of paragraph 79.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 79 of the Amended Complaint.

80.     Deny the allegations of paragraph 80.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 80 of the Amended Complaint.

81.     Deny the allegations of paragraph 81.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 81 of the Amended Complaint.

82.     Deny the allegations of paragraph 82.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 82 of the Amended Complaint.

83.     Deny the allegations of paragraph 83.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 83 of the Amended Complaint.

84.     Paragraph 84 is a legal conclusion for which no answer is required.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 84 of the Amended Complaint.

85.     Paragraph 85 is a legal conclusion for which no answer is required.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 85 of the Amended Complaint.

86.     Deny the allegations of paragraph 86, except admit that a press release was issued on December 19, 2008 regarding the establishment of a valuation allowance and admit the net asset value per share of $3.79 as of the close of the markets on December 18, 2008. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 86 of the Amended Complaint.

87.     Deny the allegations of paragraph 87.   Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 87 of the Amended Complaint.

88.     Deny the allegations of paragraph 88(a)-(d).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 88(a)-(d) of the Amended Complaint.

89.     Deny the allegations of paragraph 89.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 89 of the Amended Complaint.

90.     Deny the allegations of paragraph 90.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 90 of the Amended Complaint.

91.     Admit that Plaintiff purports to bring a class action on behalf of a defined class. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 91 of the Amended Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 92.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 92 of the Amended Complaint.

93.     To the extent that an answer is required, deny the allegations of paragraph 93(a)-(g).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 93(a)-(g) of the Amended Complaint.

94.     Deny the allegations of paragraph 94.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 94 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 15**

95.     Deny the allegations of paragraph 95.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 95 of the Amended Complaint.

96.     Deny the allegations of paragraph 96.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 96 of the Amended Complaint.

97.     Deny the allegations of paragraph 97.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 97 of the Amended Complaint.

98.     Deny the allegations of paragraph 98(a)-(d).  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 98(a)-(d) of the Amended Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 99.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 99 of the Amended Complaint.

100.     Deny the allegations of paragraph 100 and deny that Plaintiff and other Class members are entitled to a presumption of reliance on the market.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 100 of the Amended Complaint.

101.     To the extent an answer is required, deny the allegations of paragraph 101.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 101 of the Amended Complaint.

102.    To the extent an answer is required, deny the allegations of paragraph 102. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 102 of the Amended Complaint.

103.    Deny the allegations of paragraph 103.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 103 of the Amended Complaint.

104.    Deny the allegations of paragraph 104.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 104 of the Amended Complaint.

105.    Deny the allegations of paragraph 105.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 105 of the Amended Complaint.

106.    Deny the allegations of paragraph 106.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 106 of the Amended Complaint.

107.    Deny the allegations of paragraph 107.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 107 of the Amended Complaint.

108.    To the extent an answer is required, deny the allegations of paragraph 108. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 108 of the Amended Complaint.

109.    Count II was dismissed by the Court and therefore, the allegations in paragraph 109 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 109 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 17**

110.    Count II was dismissed by the Court and therefore, the allegations in paragraph 110 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 110 of the Amended Complaint.

111.    Count II was dismissed by the Court and therefore, the allegations in paragraph 111 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 111 of the Amended Complaint.

112.    Count II was dismissed by the Court and therefore, the allegations in paragraph 112 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 112 of the Amended Complaint.

113.    Count II was dismissed by the Court and therefore, the allegations in paragraph 113 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 113 of the Amended Complaint.

114.    Count II was dismissed by the Court and therefore, the allegations in paragraph 114 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 114 of the Amended Complaint.

115.    To the extent an answer is required, deny the allegations of paragraph 115. Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 115 of the Amended Complaint.

116.    Count III was dismissed by the Court and therefore, the allegations in paragraph 116 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 116 of the Amended Complaint.

117.    Count III was dismissed by the Court and therefore, the allegations in paragraph 117 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 117 of the Amended Complaint.

118.    Count III was dismissed by the Court and therefore, the allegations in paragraph 118 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 118 of the Amended Complaint.

119.    Count III was dismissed by the Court and therefore, the allegations in paragraph 119 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 119 of the Amended Complaint.

120.    Count III was dismissed by the Court and therefore, the allegations in paragraph 120 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 120 of the Amended Complaint.

121.    Count III was dismissed by the Court and therefore, the allegations in paragraph 121 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 121 of the Amended Complaint.

122.    Count III was dismissed by the Court and therefore, the allegations in paragraph 122 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 122 of the Amended Complaint.

123.    Count III was dismissed by the Court and therefore, the allegations in paragraph 123 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 123 of the Amended Complaint.

124.    Count III was dismissed by the Court and therefore, the allegations in paragraph 124 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 124 of the Amended Complaint.

125.    Count III was dismissed by the Court and therefore, the allegations in paragraph 125 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 125 of the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 19**

126.    Count III was dismissed by the Court and therefore, the allegations in paragraph 126 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 126 of the Amended Complaint.

127.    Count III was dismissed by the Court and therefore, the allegations in paragraph 127 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 127 of the Amended Complaint.

128.    Count III was dismissed by the Court and therefore, the allegations in paragraph 128 require no answer.  Except as specifically admitted or otherwise stated herein, Defendants deny any and all allegations of paragraph 128 of the Amended Complaint.

A.-E.    Deny that Plaintiff is entitled to the relief sought in the Amended Complaint, including paragraphs (A) through (E), or any other relief.

JURY DEMAND.    Deny that Plaintiff is entitled to a jury trial on any issues.

To the extent this Answer has failed, or could be construed to have failed, to admit or deny the truth of any allegations of the Amended Complaint, Defendants deny any and all such allegations.

## II.
## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to stated a claim against Defendants upon which relief can be granted.

2.    Plaintiff's claim against Defendants is barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.    Plaintiff's claim against Defendants is barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure within the class period defined in the Amended Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 20**

4.    Plaintiff's claim against Defendants is barred, in whole or in part, because Plaintiff is not a proper class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.    Plaintiff's claim against Defendants is barred, in whole or in part, because Plaintiff cannot demonstrate that any conduct by or attributable to Defendants was the cause in fact or the proximate cause of the damages Plaintiff seeks to recover in this action.

6.    Plaintiff's claim against Defendants is barred, in whole or in part, because the injuries Plaintiff sustained, if any, were caused by the actions or inactions of parties other than Defendants, actions or inactions outside the control of Defendants, or economic events that were, likewise, outside the control of Defendants.  These actions, inactions, and events were intervening or superseding causes of Plaintiff's alleged damages.

7.    Plaintiff's claim against Defendants for damages or injury is barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate such damages or injury, which would have prevented Plaintiff's damages or injury, if any.

8.    Plaintiff's claim against Defendants is barred, in whole or in part, because Plaintiff did not rely on any alleged misstatements or omissions by Defendants in making investment decisions.

9.    Plaintiff's claim against Defendants is barred, in whole or in part, because any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions allegedly made by Defendants were not material to the investment decisions of Plaintiff.

10.    Plaintiff's claim against Defendants is barred, in whole or in part, because Defendants did not make any untrue or misleading statements or omissions of material fact and, therefore, are not liable for Plaintiff's damages.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 21**

11.    Plaintiff's claim against Defendants is barred, in whole or in part, because Defendants at all times acted in good faith, without scienter, and had no knowledge, or were not reckless in not knowing, that any alleged statements or omissions made were false or misleading when made.

12.    Plaintiff's claim against Defendants is barred, in whole or in part, because any claimed losses during the alleged class period must be netted against such gains on investments made after the alleged class period.

13.    Plaintiff's claim against Defendants is barred, in whole or in part, because Defendants, at all times relevant to the allegations set forth in the Amended Complaint, acted in good faith.

14.    Plaintiff's claim against Defendants is barred, in whole or in part, because of laches.

15.    Plaintiff's claim against Defendants is barred, in whole or in part, because of statutes of limitation.

16.    Plaintiff's claim against Defendants is barred, in whole or in part, because Plaintiff cannot demonstrate that any conduct by or attributable to Defendants was the cause in fact or the proximate cause of the damages Plaintiff seeks to recover in this action.

17.    Defendants specifically reserve the right to amend this Answer and assert any additional affirmative defenses to the claim asserted in the Amended Complaint, or any further amendment thereof, that may become apparent during discovery.

WHEREFORE, Defendants Jerry V. Swank and Mark W. Fordyce, respectfully request that Plaintiff take nothing through the Amended Complaint, that the Amended Complaint and all claims asserted therein be dismissed with prejudice, that the Defendants recover their costs

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 22**

of court and reasonable attorney's fees, and that the Defendants be granted all such other relief, at law or in equity, to which they may show themselves justly entitled.

Dated: January 22, 2010                              Respectfully submitted,


                                                     /s/ Rodney Acker
                                                     C. Rodney Acker
                                                     State Bar No. 00830700
                                                     Karl G. Dial
                                                     State Bar No. 05800400
                                                     Stephen M. Dollar
                                                     State Bar No. 24012538
                                                     Scott P. Drake
                                                     State Bar No. 2402681
                                                     Lindsy Nicole Alleman
                                                     State Bar No. 24055094

                                                     FULBRIGHT & JAWORSKI L.L.P.
                                                     2200 Ross Avenue, Suite 2800
                                                     Dallas, Texas 75201
                                                     (214) 855-8000 – Telephone
                                                     (214) 855-8200 – Facsimile

                                                     ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On January 22, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record, as listed below, electronically:

| | |
|---|---|
| Marc R. Stanley<br>Roger L. Mandel<br>Martin Woodward<br>Stanley, Mandel & Iola, L.L.P.<br>3100 Monticello Avenue, Suite 750<br>Dallas, Texas 75205 | Mark C. Rifkin<br>Wolf Haldenstein Adler<br>Freeman & Herz LLP<br>270 Madison Avenue, 9th Floor<br>New York, New York 10016 |

                                        /s/ Rodney Acker
                                        Rodney Acker

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT - 23**