UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TERRI MORSE BACHOW, Individually on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff<br><br>                  v.<br><br>SWANK ENERGY INCOME ADVISERS, LP, SWANK CAPITAL, LLC, JERRY V. SWANK, MARK W. FORDYCE, CPA, BRIAN R. BRUCE, RONALD P. TROUT, and EDWARD N. McMILLAN,<br><br>                     Defendants. | C.A. No.  09-cv-262-K |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

      1.      After extensive arm's-length negotiations between their respective counsel, Lead Plaintiff Terri Morse Bachow and Defendants have reached an agreement to settle the above-captioned class action that provides a substantial benefit in the form of a $3,600,000 payment to the Settlement Class, comprised of all persons and entities who purchased or otherwise acquired Cushing MLP Total Return Fund ("Fund") shares between September 1, 2008, and December 19, 2008, inclusive, and who sold their shares after December 19, 2008, or who still hold them.[1]

      2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff, on behalf of herself and all others similarly situated, through her attorneys, Beckham & Mandel and

---

[1] Excluded from the Settlement Class are Defendants, their officers, directors, employees, partners, members of their immediate families and their legal representatives, heirs, predecessors, successors or assigns, and any entity in which any of the foregoing has or had a controlling interest.

Wolf Haldenstein Adler Freeman & Herz LLP (collectively "Co-Lead Class Counsel"), respectfully moves this Court for an Order**:**

  (a) preliminarily certifying the Class for the purposes of settlement;

  (b) preliminarily approving the terms of the settlement set forth in the attached Stipulation and Agreement of Settlement (the "Stipulation") entered into by the parties and filed contemporaneously with this motion;

  (c) establishing a date for a hearing to determine the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation; and

  (d) providing for notice to Class Members of the hearing on the proposed settlement and dismissal of the Action, and setting dates in advance of the Fairness Hearing as follows:

    (i) mailing and publishing notice not more than 14 days after entry of the Preliminary Approval Order; and

    (ii) a deadline of at least fourteen (14) days prior to the Fairness Hearing for any shareholder to opt-out or object to the proposed Settlement, the proposed Plan of Allocation, the proposed award of legal fees and expenses, or the proposed class representative incentive award

  3. The Stipulation is intended to fully and finally settle this class action, upon final Court approval. The purpose of this motion is to obtain preliminary court approval of the Stipulation and the form of notice of the proposed settlement to be disseminated to Class Members. The terms of the settlement are set forth in full in the Stipulation filed contemporaneously with this motion. Preliminary approval of the settlement, and the submission of the settlement to the Class Members, are warranted because the "proposed settlement is fair,

reasonable, and adequate," and "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation, Fourth* § 21.61 at 309 (2004).

4. Lead Plaintiff alleges, among other things, that: (a) Defendants Jerry V. Swank and Mark W. Fordyce violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by issuing purportedly false and misleading statements concerning the Fund's net asset value ("NAV"), deferred tax asset and the need for a valuation allowance under Financial Accounting Standard No. 109 during the Class Period from September 1, 2008, through and including December 19, 2008; (b) all the Defendants are liable as control persons under Section 20(a) of the Exchange Act; and (c) Defendant Swank Energy Income Advisers, LP, violated the Investment Company Act of 1940 (the "'1940 Act"). Lead Plaintiff alleges that she and the other members of the Settlement Class purchased the Fund's shares during the Class Period at artificially inflated prices and were damaged as a result thereof.

5. By Opinion and Order dated January 6, 2010, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. Lead Plaintiff's claims against Swank and Fordyce under Section 10(b) of the Exchange Act and Rule 10b-5 were sustained, but her claims against Defendants under Section 20(a) of the Exchange Act and under the 1940 Act were dismissed.

6. Throughout the litigation, Defendants have asserted that Lead Plaintiff could not prove that Defendants violated the Exchange Act and Rule 10b-5 and could not recover damages for harm allegedly caused by their accounting for the Fund's NAV and deferred tax asset because their accounting was reasonable and proper and approved by the Fund's independent auditor.

7. Defendants have produced a substantial volume of documents to Lead Plaintiff, and Lead Plaintiff's counsel have retained the services of an accounting expert to advise them on the issues of liability and financial experts to advise them on the issues of damages.

8. After weeks of hard-fought negotiations between experienced counsel representing their clients vigorously, the parties reached an agreement in principal to settle the litigation, which agreement was reduced to writing in the Stipulation. The settlement embodied in the Stipulation is in the best interest of the Settlement Class. If approved, the settlement provides for a payment of $3.6 million for the benefit of the Settlement Class, which sum will be paid into escrow no later than thirty (30) days after entry by the Court of the Order for Notice and Hearing, and will earn interest until distributed to Authorized Claimants (as defined in the Stipulation).

9. All parties agree to the Stipulation, and all parties consent to this Motion. For purposes of this settlement, there are no legal or factual issues in dispute. All parties to this lawsuit agree that a Settlement Class, as described in the Stipulation, should be certified for purposes of this settlement.

10. The Court should provisionally certify the Settlement Class for purposes of considering the proposed settlement because it meets all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and 23(c)(1)(B). The Stipulation provides that, for the sole purpose of implementation, approval, and consummation of the settlement, the parties will jointly request the Court to approve certification of the Settlement Class pursuant to Rule 23(b)(3), with Lead Plaintiff as representative of the Settlement Class and .Co-Lead Class Counsel as counsel for the Settlement Class.

11. Defendants do not dispute that, for the sole purpose of implementation, approval, and consummation of the settlement, the numerosity, commonality, typicality and adequacy requirements of Rule 23(a) are met. Neither do Defendants dispute that, for the sole purpose of implementation, approval, and consummation of the settlement, Co-Lead Class Counsel meet the adequacy requirements of Rule 23(g) or that the predominance and superiority requirements of Rule 23(b)(3) are met. Accordingly, the Court should find that:

(a) thousands of persons and entities throughout the United States acquired Cushing shares during the Class Period, such that the Settlement Class is so numerous that joinder of all members is impracticable;

(b) common questions of law and fact exist as to all members of the Settlement Class, and they predominate over questions solely affecting individual Settlement Class members, including:

(i) the merits of the allegations in the complaints;

(ii) whether Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 by their accounting for the Fund's NAV and deferred tax asset during the Class Period; and

(iii) whether Settlement Class members were injured by Defendants' actions.

(c) Lead Plaintiff purchased Fund shares during the Class Period and held them after the end of the Class Period, she is a member of the Settlement Class, her claims are typical of the claims of the Settlement Class, and she is not subject to any unique defenses;

(d) Lead Plaintiff and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the members of the Settlement Class; and

(e) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

12. The Court should preliminarily approve the settlement because the applicable requirements of Federal Rule of Civil Procedure 23(e) are satisfied. A proposed settlement should be preliminarily approved if it "discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval." *In re OCA, Inc. Sec. and Deriv. Litig.*, No. 05:2165, 2008 U.S.Dist. LEXIS 84869, *37 (Oct. 17, 2008) (citing *In re Stock Exchanges Options Trading Antitrust Litig.*, 2005 U.S. Dist. LEXIS 13734, 2005 WL 1635158 at *5 (S.D.N.Y. 2005), and *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 430 (E.D. Tex. 2002)).

13. To grant preliminary approval to a proposed class action settlement, the Court must make "a preliminary evaluation" to ascertain whether the settlement is fair, reasonable, and adequate. *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21-95, 2006 U.S.Dist. LEXIS 81440, *14 (S.D.N.Y. Nov. 8, 2006) (citing *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)). "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Id.* (citing *In re Nasdaq*, 176 F.R.D. at 102, and *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)). *See also DeHoyos, et al. v. Allstate Corp., et al.*, No,. SA-01-CA-1010-FB, 2006 U.S.Dist. LEXIS, *4-5 (W.D. Tex. June 2, 2006) (preliminarily approving settlement based

upon extensive investigation and arm's length negotiations between experienced counsel); Manual for Complex Litigation § 21.63 ("At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval.").

14. Each of the relevant standards for preliminary approval has been met here:

   (a) the settlement was negotiated by experienced and well-informed counsel;

   (b) it was entered into after adequate investigation (including documents produced by and disclosures made by Defendants and advice from accounting and financial experts);

   (c) it was negotiated at arm's-length over a period of weeks;

   (d) it was reduced to a writing setting forth all the material terms;

   (e) there is no reason to doubt its fairness;

   (f) it has no obvious deficiencies and does not improperly grant preferential treatment to Lead Plaintiff or any segment of the Settlement Class;

   (g) it does not grant excessive compensation to the attorneys; and

   (h) it falls well within the range of possible approval.

15. The parties have asked the Court to direct notice in a reasonable manner to all class members in accordance with Rule 23(e)(1); have asked the Court to hold a Final Settlement Hearing in accordance with Rule 23(e)(2); have filed this motion identifying the Stipulation which embodies the Settlement in accordance with Rule 23(e)(3); and have provided for any Settlement Class member to object to the Settlement at the Final Settlement Hearing in accordance with Rule 23(e)(5).

16. The form and content of the proposed Notice (Exhibit 1 to the Stipulation) should be approved because: (a) it identifies the action that has been settled (subject to Court approval) and the parties to each of those actions; (b) describes the Settlement Class; (c) provides a summary of the claims, issues, and defenses in the action, and the terms of the Settlement; (d) states that a Settlement Class member may enter an appearance through an attorney if the class member so desires; (e) states that the Court will exclude from the Settlement Class any member who requests exclusion, and the time and manner for requesting exclusion; (f) gives notice of the date and location of the Final Settlement Hearing and the matters that will be considered at the hearing; (g) identifies where documents relating to the settlement will be available for review by members by the Settlement Class; (h) states the binding effect of a judgment on members under Rule 23(c)(3); and (i) informs members of the Settlement Class of their right to object to the Settlement or the granting of any award of fees and expenses to Plaintiff's Counsel, or an incentive payment to Lead Plaintiff, and the procedures for timely presenting their objections to the Court. The Court should exercise its discretion and find that the form and content of the Notice to the Settlement Class is appropriate under Rule 23(c)(2)(B), which provides that for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

17. The manner of dissemination of the Notice should be approved under Federal Rule of Civil Procedure 23(e)(1), which provides that, where a proposed settlement is presented to a court for approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Notice will be provided by mail and publication. Individual notice (the "Settlement Notice") will be sent via first class mail to all

persons and entities identified by the Fund's transfer agent, as well as by Plaintiffs' independent investigation, as being within the Settlement Class within fourteen (14) days after entry of the Preliminary Approval Order. The Settlement Notice will also include a copy of the proposed Plan of Allocation (with exhibits) and the proposed Proof of Claim form (Exhibits A(1) and A(4) to the Stipulation). Notice will also be made by publication in the national edition of *The Wall Street Journal* and *Investor's Business Daily* and transmitted over *Business Wire* within ten (10) days of the mailing of the Notice. *See* Summary Notice (attached as Exhibit A(3) to the Stipulation.

18. The Settlement Agreement also provides that Co-Lead Counsel are authorized to make reasonable disbursements from the Settlement Fund (following the Court's preliminary approval of the Settlement) for expenses associated with providing notice, as well as administration of the Settlement Fund (including claims administrator, consultant, and bank fees), and tax matters.

19. Class Counsel will file papers in support of the Settlement, their fee application and the application for a class representative incentive award twenty-one (21) days prior to the Final Settlement Hearing.

20. For the reasons set forth above, the parties respectfully request that the Court set the date for hearing on final approval of the proposed Settlement approximately 100 days from the date of entry of the Proposed Order Preliminarily Approving Settlement and Providing for Notice  This will provide the parties sufficient time to give notice of the settlement to Class Members, to process any potential objections and opt-outs and to fully prepare for the hearing on final approval of the proposed settlement.

Dated: May 17, 2010                              Respectfully submitted,

    s/ Roger L. Mandel
ROGER L. MANDEL
Texas Bar No. 12891750
Jose M. Portela
Texas Bar No.: 90001241
BECKHAM & MANDEL
3400 Carlisle, Suite 550
Dallas, Texas 75204
214-965-9300 (Telephone)
214-965-9301 (Fax)


    s/ Mark C. Rifkin
Mark C. Rifkin (MR-0904)
Kate McGuire
Michael Yanovsky
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016
(212) 545-4600

*Co-Lead Counsel for the Class*

Marc R. Stanley
Texas Bar No. 19046500
Martin Woodward
Texas Bar No. 00797693
Stanley.Iola, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX  75205
214.443.4300 (Voice)
214.443.0358 (Fax)

Norman Shabel
Stephen P. DeNittis
**SHABEL & DENITTIS, P.C.**
5 Greentree Centre, Suite 302
Marlton, NJ  08053
(856) 797-9951

*Attorneys for Lead Plaintiff*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he confirmed via email on May 17, 2010, with Scott Drake, counsel for Defendants, who confirmed that Defendants do not oppose this Motion.

    /s/   Roger L. Mandel
Roger L. Mandel

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 17th day of May 2010, a true and correct copy of the foregoing document was served by CM/ECF notification or U.S. first class mail on all counsel:

    /s/   Roger L. Mandel
Roger L. Mandel