IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRI MORSE BACHOW,<br>Individually on Behalf of Herself and<br>All Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>SWANK ENERGY INCOME<br>ADVISERS, LP, SWANK CAPITAL,<br>LLC, JERRY V. SWANK, MARK W.<br>FORDYCE, CPA, BRIAN R. BRUCE,<br>RONALD P. TROUT, and EDWARD<br>N. McMILLAN,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:09-CV-0262-K |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff Terri Morse Bachow, on behalf of herself and the Class (as hereinafter defined), and Defendants Swank Energy Income Advisers, LP ("Swank Energy"), Swank Capital, LLC ("Swank Capital"), Jerry V. Swank ("Swank"), Mark W. Fordyce ("Fordyce"), Brian R. Bruce ("Bruce"), Ronald P. Trout ("Trout"), and Edward N. McMillan ("McMillan") (collectively "Defendants"). Lead Plaintiff and Defendants are the "Parties."

WHEREAS:

A.     On February 10, 2009, Lead Plaintiff filed the above-styled and numbered class action lawsuit (the "Action") in this Court. On April 20, 2009, the Court appointed Terri Morse Bachow as Lead Plaintiff and appointed Stanley, Mandel & Iola, L.L.P., and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Co-Lead Counsel for the Class.

B.      On June 4, 2009, a First Amended Class Action Complaint was filed ("Complaint").  The Complaint generally alleges, among other things, that:  (1) Swank and Fordyce allegedly violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by issuing purportedly false and misleading statements concerning Cushing MLP Total Return Fund's (the "Fund") net asset value, deferred tax asset and the need for a valuation allowance under Financial Accounting Standard No. 109 during the Class Period — September 1, 2008, through and including December 19, 2008; (2) all the Defendants are allegedly liable as control persons under Section 20(a) of the Exchange Act; and (3) Swank Energy violated the Investment Company Act of 1940 (the "'40 Act").  The Complaint further alleges that Lead Plaintiff and other Class members purchased the Fund's shares during the Class Period and were damaged as a result thereof.

C.      On July 17, 2009, Defendants moved to dismiss the Complaint.  Lead Plaintiff filed opposition papers on August 31, 2009.  Defendants filed their reply on September 30, 2009.  By a Memorandum Opinion and Order dated January 6, 2010, the Court granted in part and denied in part the motion to dismiss the Complaint.  Lead Plaintiff's claims against Defendants under Section 20(a) of the Exchange Act and under the '40 Act were dismissed, but Lead Plaintiff's claims against Swank and Fordyce under Section 10(b) of the Exchange Act and Rule 10b-5 remained pending.

D.      On January 13, 2010, Co-Lead Counsel for Lead Plaintiff filed a Notice of Change of Firm Affiliation and Address, in which Roger Mandel notified the Court that as one of the Co-Lead Counsel for Lead Plaintiff he had changed his firm affiliation to Beckham & Mandel.

E.      On January 22, 2010, Defendants filed their answer to the Complaint denying any liability and asserting various affirmative defenses.

F.      On March 22, 2010, the Parties made their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.   Swank and Fordyce also have produced documents in response to Lead Plaintiff's requests for production.

G.      Lead Plaintiff filed a motion for class certification on April 26, 2010.   The response of Swank and Fordyce to that motion is not yet due.

H.      This Settlement is the result of extensive arms' length negotiations between the Parties.   The Parties engaged in numerous telephonic negotiations and multiple face-to-face meetings between counsel for the Parties.

I.      Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.   The Parties to this Stipulation recognize, however, that the litigation has been filed by Lead Plaintiff and defended by Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable.   This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiff of any infirmity in the claims asserted in the Action.

J.      Defendants have only $5 million in insurance coverage potentially available to satisfy the claims asserted in this litigation.

K.     Co-Lead Counsel have conducted an investigation related to the claims and the underlying events and transactions alleged in the Complaint.  Co-Lead Counsel have analyzed the evidence adduced during pretrial discovery, have researched the applicable law with respect to the claims of Lead Plaintiff and the Class against Defendants and the potential defenses thereto, have analyzed (using a financial expert) the damages potentially recoverable and have considered the insurance coverage potentially available to satisfy the Class' claims.

L.     Based upon their investigation and pretrial discovery, and in consideration of:  (i) the difficulty of proving liability given Defendants' receipt of advice from an outside auditor, (ii) that potential insurance coverage is limited as set forth above, and (iii) the likely difficulty in recovering substantial amounts from the two remaining individual defendants, Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiff and the members of the Settlement Class (defined herein) will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the

Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released, acquitted and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.       As used in this Stipulation and its Exhibits, the following terms shall have the following meanings:

(a)       "Authorized Claimant" means a Class Member (as that term is defined in subsection (d) below) who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)       "Cash Settlement Amount" means the amount specified in paragraph 4 hereof.

(c)       "Claims Administrator" means The Garden City Group, Inc.

(d)       "Class" or "Settlement Class" means, for the purposes of this Settlement only, all persons and entities who purchased or otherwise acquired the Fund's shares between September 1, 2008, and December 19, 2008, inclusive, and who sold their shares after December 19, 2008, or who still hold them.  Excluded from the Settlement Class are Defendants, their officers, directors, employees, partners, members of their immediate families and their legal representatives, heirs, predecessors, successors or assigns, and any entity in which any of the foregoing has or had a controlling interest.  Also excluded from the Settlement Class are any Class Members who exclude themselves by filing requests for exclusion in accordance with the requirements set forth in the Notice.  "Class Member" means a member of the Settlement Class.  Defendants do not agree that a class on the merits should be certified.  If for any reason this Settlement is not consummated or approved by the Court, Defendants' agreement to a Settlement

Class shall not be evidence, and neither Lead Plaintiff nor Co-Lead Counsel shall argue, that Defendants have agreed to a certification of a class.

(e)     "Class Period" means, for the purpose of this Settlement only, the period of time between September 1, 2008, and December 19, 2008, inclusive.

(f)     "Co-Lead Counsel" means the law firms of Beckham & Mandel and Wolf Haldenstein.

(g)     "Defendants" means Swank Energy Income Advisers, LP, Swank Capital, LLC, Jerry V. Swank, Mark W. Fordyce, Brian R. Bruce, Ronald P. Trout, and Edward N. McMillan.

(h)     "Defendants' Counsel" means the law firm of Fulbright & Jaworski L.L.P.

(i)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 22 below.

(j)     "Final," with respect to the Judgment means that the Judgment has been entered by the Court and is no longer subject to reconsideration, appeal or review of any kind (including, without limitation, any appeal or review by petition for reargument or rehearing, by writ of *certiorari*, or otherwise), whether by exhaustion of all possible appeals or reviews, by lapse of time, or otherwise.  Any proceeding or order, or any appeal or petition for a writ of *certiorari* pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

(k)     "Gross Settlement Fund" means the Cash Settlement Amount plus any income or interest earned thereon.

(l)     "Net Settlement Fund" has the meaning defined in paragraph 5 hereof.

(m)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing, which is to be sent to members of the Class, identical in all material respects to the form attached hereto as Exhibit 1 to Exhibit A.

(n)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement identical in all material respects to the form attached hereto as Exhibit B.

(o)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class identical in all material respects to the form attached hereto as Exhibit A.

(p)     "Plaintiff's Counsel" means Beckham & Mandel, Stanley.Iola, LLP, Wolf Haldenstein, and Shabel & Denittis, P.C.

(q)     "Publication Notice" means the summary notice of proposed Settlement and hearing for publication identical in all material respects to the form attached as Exhibit 3 to Exhibit A.

(r)     "Released Parties" means any and all of Defendants, and any of their family members, heirs, assigns, executors, administrators, trustees, legal or personal representatives, successors in interest, general or limited partners or partnerships, estates, past or present subsidiaries, parents, predecessors, affiliates, owners, officers, directors, managers, agents, employees, insurers, reinsurers, attorneys, advisors, associates, accountants, underwriters, investment bankers, consultants, insurers, and investment advisors and auditors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has

an interest or which is related to or affiliated with any of the Defendants, and all persons acting by or on behalf of any of the foregoing.

(s)   "Settled Claims" means any and all claims, debts, demands, rights, actions or causes of action, obligations, losses, damages, judgments, suits, or liabilities, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (including, without limitation, Sections 10 and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, 78t, and Rule 10b-5 promulgated thereunder, the Investment Company Act of 1940, 15 U.S.C. §§ 80a-29, 80a-35 & 80a-36, other state or federal securities laws, rules or regulations, and any and all claims involving allegations of fraud, breach of any duty, negligence or otherwise), whether fixed or contingent, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, representative or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by Lead Plaintiff or any other Class Member against any of the Released Parties, or (ii) that could have been asserted in any forum by Lead Plaintiff or any other Class Member against any of the Released Parties, arising out of, in connection with or directly or indirectly relating in any way to the allegations, transactions, facts, events, acts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any of the complaints filed in this Action and which relate in any way to the purchase or other acquisition of shares of the Fund during the Class Period.  "Settled Claims" shall also include any and all

claims arising out of, in connection with or relating in any way to the settlement or resolution of the Action, other than claims to enforce the terms of the Stipulation.

(t)     "Settlement" means the settlement contemplated by this Stipulation.

(u)     "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which, if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish to the fullest extent permitted by law, and each Class Member shall be deemed to have waived and relinquished, and by operation of the Judgment shall have expressly waived and relinquished, any and all provisions, rights and benefits conferred by federal law, any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

It is the intention of Lead Plaintiff and Defendants that, notwithstanding the provisions of Section 1542 or any similar provisions, rights and benefits conferred by law, and notwithstanding the possibility that Lead Plaintiff, the Class Members or their counsel may discover or gain a more complete understanding of the facts, events or law that, if presently known or fully understood, would have affected the decision to enter into this Stipulation, any and all Settled Claims, including Unknown Claims, shall be fully, finally and forever settled. Lead Plaintiff acknowledges, and Class Members by operation of law shall be deemed to have

acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims were separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties.

3.     Upon the Effective Date of this Settlement, Lead Plaintiff and members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, WITH RESPECT TO EACH AND EVERY SETTLED CLAIM, HEREBY RELEASE AND FOREVER DISCHARGE, AND SHALL FOREVER BE ENJOINED FROM PROSECUTING, ANY SETTLED CLAIMS AGAINST ANY OF THE RELEASED PARTIES.

## THE SETTLEMENT CONSIDERATION

4.     (a)     Defendants, through an agreement with their insurer, shall cause to be paid $3,600,000 in cash (the "Cash Settlement Amount") into escrow for the benefit of Lead Plaintiff and the Settlement Class no later than 30 days after entry by the Court of the Order for Notice and Hearing (Exhibit A).

(b)     In the event this Settlement is terminated pursuant to paragraph 23 or 24 hereof, then the Escrow Agent shall return any funds received in accordance with paragraph 25 hereof.

5.     (a)     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 7 hereof, (ii) the attorneys' fee and expense award and class representative incentive award referred to in paragraph 8 hereof, and (iii) the remaining administration expenses referred to in paragraph 9 hereof.  The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund."  The Net Settlement Fund shall be distributed to the

Authorized Claimants as provided in paragraphs 10-12 hereof.  Any sums required to be held in escrow hereunder shall be held by Wolf Haldenstein as Escrow Agent for the Settlement Fund. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court.  No funds held in the Settlement Fund shall be distributed except in accordance with this Stipulation or by order of the Court.  The Escrow Agent shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a money market fund invested solely in such instruments), and it shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in a bank account insured by the FDIC.  The Parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Defendants, Defendants' Counsel and Defendants' insurers shall have no liability or responsibility of any sort for filing any tax returns or paying any taxes in connection with the Settlement Fund.  The Parties hereto agree that the Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and they agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible.

(b)     All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including,

without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agent without prior Order of the Court. Defendants, Defendants' Counsel and Defendants' insurers shall not be liable for any taxes, obligations or other expenses relating to the Settlement Fund and in no event shall Defendants be liable for any amount in excess of the Cash Settlement Amount. The Settlement Fund shall indemnify Defendants and Defendants' Counsel for any taxes incurred by, or assessed against, Defendants or Defendants' Counsel in connection with the income earned on the Settlement Fund.

## ADMINISTRATION

6.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. Except as stated in paragraph 14 hereof, Defendants and Defendants' Counsel shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Defendants' and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing all information from the Fund's transfer records concerning the identity of Class Members and their transactions.

7.     The Escrow Agent may authorize the release from the Gross Settlement Fund, upon request from Co-Lead Counsel and without further approval from the Defendants, the reasonable costs and related expenses associated with identifying members of the Class (other than the costs incurred by Defendants to provide information from the Fund's transfer records concerning the identity of Class Members and their transactions described in Paragraph 6) and effecting mail Notice and Publication Notice to the Class, including the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding

notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## ATTORNEYS' FEES AND EXPENSES

8.     Co-Lead Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses.  Defendants agree not to object to such request as long as the attorneys' fees requested do not exceed 33% of the Gross Settlement Fund. Any attorneys' fees or expenses awarded by the Court in the Order and Final Judgment shall be immediately payable upon entry of the Order and Final Judgment.   Co-Lead Counsel shall allocate the attorneys' fees among all law firms representing Lead Plaintiff or any other plaintiff(s) in this action in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.  Lead Plaintiff may also apply to the Court for a class representative incentive award.  Defendants agree not to object to such request as long as it does not exceed $10,000.  Lead Plaintiff and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling solely with respect to any application for attorneys' fees and expenses or any application for a class representative incentive award for Lead Plaintiff.   No Defendant or Defendants' counsel shall be liable for any attorneys' fees or expenses awarded by the Court and in no event shall Defendants or their counsel be liable under this Settlement for any amount in excess of the Cash Settlement Amount.

## ADMINISTRATION EXPENSES

9.     Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and

approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 4 to Exhibit A, or in such other Plan of Allocation as the Court approves).

11.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

12.    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on the percentage his or her Recognized Claim constitutes of the total Recognized Claims of all accepted claimants up to the total amount of each Authorized Claimant's loss.  Any Net Settlement Funds remaining after the payment of all attorneys' fees, administrative costs and expense, and claims payable to Authorized Claimants (up to the full amount of their losses) after reasonable attempts to distribute all of the Net Settlement Fund shall be donated to the Public Justice Foundation.  Defendants shall have no involvement in reviewing or challenging claims and shall have no responsibilities, obligations or liability with respect to investments, allocations or distributions in connection with the Settlement Fund.

## ADMINISTRATION OF THE SETTLEMENT

13.    Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the

Judgment to be entered in the Action and the releases provided for herein and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

14.    The Claims Administrator shall process the Proofs of Claim and, after the Effective Date and entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants.  Except for their obligation to pay the Cash Settlement Amount, and to cooperate in the production of information with respect to the identification of Class Members from the Fund's shareholder transfer records, Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.  In the interests of achieving substantial justice, Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted.

15.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim and Release ("Proof of Claim") (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this

Stipulation and the Settlement including the terms of the Judgment to be entered in the Action and the releases provided for herein, and such Class Member will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy the curable deficiencies in the Proofs of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, each Claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.   If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

16.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.   No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

17.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.   All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and all such Class Members will be barred from bringing any action against the Released Parties concerning the Settled Claims.

18.     All proceedings with respect to the administration, processing and determination of claims described by paragraph 15 of this Stipulation and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

19.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all costs of administration have been paid.   If any matter regarding attorneys' fees and reimbursement of expenses remains outstanding, the Claims Administration, in consultation with Co-Lead Counsel, shall establish a reserve fund as appropriate before any distribution of the Net Settlement Fund.

## TERMS OF ORDER FOR NOTICE AND HEARING

20.    Promptly after this Stipulation has been fully executed, Co-Lead Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing identical in all material respects to the "Order for Notice and Hearing" attached hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

21.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter an Order and Final Judgment identical in all material respects to the "Order and Final Judgment" attached hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

22.    The "Effective Date" of Settlement shall be the date when all of the following shall have occurred:

(a)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(b)     entry by the Court of an Order and Final Judgment, identical in all material respects to the "Order and Final Judgment" attached hereto as Exhibit B, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review. The entry of either an Order and Final Judgment or Alternative Judgment is referred to as a "Judgment."

23.     Defendants or Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of:  (a) the Court's entry of an Order for Notice and Hearing differing in any material respect from the attached Exhibit A; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's entry of an Order and Final Judgment differing in any material respect from the attached Exhibit B; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, or otherwise does not become Final; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, or otherwise does not become Final.

24.     In addition, Lead Plaintiff and Defendants through their respective counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation and Settlement may be terminated by Defendants if Class Members who purchased more than a certain number of shares or invested more than a certain dollar amount of money during the Class Period opt out or otherwise exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed prior to the deadline for submitting requests for exclusion unless a dispute arises as to its terms.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 25 shall apply.

25.     Except as otherwise provided herein, in the event the Settlement is terminated, then the Parties to this Stipulation shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid by Defendants or caused to be paid by Defendants, together with any income or interest earned thereon, less any Taxes due with respect to such income and less reasonable costs of Notice and Administration actually incurred and paid or payable from the Cash Settlement Amount, shall be returned to the persons paying the same within ten (10) business days of receipt of the Termination Notice.  In the event of such termination, the Parties agree to submit a new proposed scheduling order to the Court.  In addition to this paragraph 25, paragraph 27 of this Stipulation shall survive any termination of this Stipulation.

## NO ADMISSION OF WRONGDOING

26.     Defendants have vigorously denied and continue to vigorously deny having committed or attempted to commit any violations of law or otherwise having acted in any

improper manner or having any liability arising from the matters released and enter into this Settlement solely to eliminate the burden and expense of further litigation.

27.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be invoked, offered or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of any presumption, concession, or admission or finding by or against any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any breach of duty, liability, negligence, fault, misrepresentation, omission or any other wrongdoing of any of the Released Parties;

(b)     shall not be invoked, offered or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of, any presumption, concession, admission, or finding of any breach of duty, liability, negligence, fault, misrepresentation, omission or any other wrongdoing with respect to any statement or written document approved or made by any Released Party;

(c)     shall not be invoked, offered or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of, any presumption, concession or admission or finding of any breach of duty, liability, negligence, fault, misrepresentation, omission or any other wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the

provisions of the Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be invoked, offered or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of, any presumption, admission, concession, or finding that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e)     shall not be invoked, offered or received against any of the Released Parties in connection with any motion for class certification (the Parties agree that the class certification, as provided in the attached Order and Final Judgment, shall be for settlement purposes only); and

(f)     shall not be invoked, offered or received against the Lead Plaintiff or any of the Class Members as evidence of, or interpreted, construed as or deemed to be evidence of, any presumption, admission, concession or finding that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

## MISCELLANEOUS PROVISIONS

28.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

29.     If a case is commenced in respect of any Defendant contributing to the Settlement Amount (or any insurer contributing funds to the Cash Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a

preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Co-Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Stipulation and any cash amounts in the Gross Settlement Fund shall be returned as provided in paragraph 25 above.

30.    The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

31.    Documents, material, and other information (written or oral) that have been produced or disclosed to any party in the course of this Action, whether by discovery or otherwise, that is not publicly filed, are designated "Confidential."  Within thirty (30) calendar days following the Effective Date, all "Confidential" information that has been produced in this action shall be (i) destroyed, with a certificate of destruction provided to the producing party or, (ii) at the option of the receiving party, returned to counsel for the producing party, provided that

counsel of record for each party may maintain one copy of the specific pleadings, correspondence, and documents filed with the Court that contain "Confidential" information. Nothing contained in this Paragraph shall restrict any party with respect to copies of pleadings, correspondence and documents that do not contain "Confidential" information. This Paragraph governs the designation of "Confidential" information for purposes of this Stipulation only. In the event the Settlement is terminated, the designation and use of "Confidential" information shall be subject to further order of the Court.

32.     Nothing in this Stipulation or the negotiations or proceedings relating to the Stipulation and Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity.

33.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

34.     The headings herein are used for the purposes of convenience only and are not meant to have legal effect.

35.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Co-Lead Counsel and a class representative incentive award for Lead Plaintiff and enforcing the terms of this Stipulation.

36.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

37.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no

representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

38.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

39.     This Stipulation shall be binding upon, and inure to the benefit of, the Parties hereto and their respective agents, executors, heirs, successors and assigns.

40.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

41.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

42.     Co-Lead Counsel represents that they are not aware of any current or prospective client or other person or entity who is contemplating in any way the prosecution of any claim against any of the Released Parties arising from or related in any way to the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions alleged or set forth in the Complaint.  If any action or proceeding is instituted in any state or federal court by any Class Member asserting any Settled Claim prior to the Effective Date of the Settlement, Co-Lead Counsel shall cooperate with Defendants in obtaining the

dismissal or withdrawal of any such action or proceeding, including, where appropriate, joining in any motion to dismiss any such action or proceeding.

43.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

44.    Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

Date:  May 17, 2010


_____
Roger L. Mandel
State Bar No. 12891750
Beckham & Mandel
3400 Carlisle, Suite 550
Dallas, Texas  75204


_____
Mark C. Rifkin
Wolf Haldenstein Adler
Freeman & Herz LLP
270 Madison Avenue, 9th Floor
New York, New York 10016

**CO-LEAD CLASS COUNSEL**

Marc R. Stanley
Texas Bar No. 19046500
Martin Woodward
Texas Bar No. 00797693
Stanley.Iola, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
214.443.4300 (Voice)
214.443.0358 (Fax)

Norman Shabel
**SHABEL & DENITTIS, P.C.**
5 Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 797-9951

**ATTORNEYS FOR LEAD PLAINTIFF**

_____
Rodney Acker
State Bar No. 00830700
Karl G. Dial
State Bar No. 05800400
Stephen Dollar
State Bar No. 24012538
Scott Drake
State Bar No. 24026812
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on the 17th day of May 2010, a true and correct copy of the

foregoing document was served by CM/ECF notification or U.S. first class mail on all counsel:


          /s/  Roger L. Mandel         
Roger L. Mandel